McLAUGHLIN & FREEMAN (SUNLIGHT RUBBER CO.) *v.* UNITED STATES

No. 4630.—Invoice dated Kobe, Japan, August 13, 1934.
Entered at Boston, Mass., October 11, 1934.
Entry No. 3654.

(Decided August 16, 1939)

*James W. Bevans* for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

TILSON, Judge: This appeal to reappraisement involves the proper dutiable value of certain rubber boots imported from Japan. This merchandise was entered at the port of Boston on October 11, 1934, but was not appraised until April 12, 1935, which would appear to have been ample time within which to have made a proper examination of this merchandise in conformity with section 499, Tariff Act of 1930.

Counsel for the plaintiff bases his entire case upon the contention that the returns of value by the appraiser are void because the law, section 499, Tariff Act of 1930, was not complied with with respect to the designation and examination of the merchandise. In support of his contention counsel for the plaintiff offered the testimony of three witnesses, one, Mr. Kinnealey, who was an examiner of merchandise at Boston at the date of this importation, another, Mr. Haskins, who was at the date of importation a wharf examiner at the port of Boston, and the last, a Mr. Gillis, who was at said date an opener and packer at said port and who assisted Mr. Haskins in such examination as he made of the imported merchandise.

The latter witness could not remember anything of importance concerning this importation and its examination, except that he opened certain packages of the merchandise for Mr. Haskins, as to the number of which he could give no idea, and that he would read off from the ship's manifest to Mr. Haskins before the examination was made.

The first witness testified that he examined in the appraisers' stores the 2 packages of this merchandise which had been sent there for that purpose; that he did not examine any of the shoes in this shipment of 1,100 packages except the 2 packages sent to the appraisers' stores, and that he did not receive any report from any examiner on the dock as to this merchandise.

The second witness, Mr. Haskins, testified that he did not examine 1 out of 10 packages in the 1,000-package lot, but that he did

examine 1 out of 10 in the 100-package lot. However, this witness testified positively that he did not make any report to the examiner concerning what he had done on the dock with reference to examining this shipment. He also stated that such examination as he made was made after he had copied from the ship's manifest into his dock book such merchandise as was to be examined, and before he had received any instructions from the collector as to how many packages of the merchandise were to be examined by him. The testimony of this witness strongly indicates that such examination as he did make of this merchandise was made, not for the purpose of appraisement, but for the purpose of ascertaining whether or not the shoes were legally marked under section 304, Tariff Act of 1930. This is in conformity with his testimony that he made his examination prior to receiving any instructions from the collector as to how many packages to examine for appraisement purposes.

Since it is definitely established by all the evidence that less than 10 per centum, or less than one out of ten packages of the 1,000-package lot, was examined for the purpose of appraisement, we must, and hereby, hold that the appraisement as to that lot of merchandise is null and void ab initio, and of no effect. This leaves for my determination the question of whether or not the examination of 10 per centum, or 1 package out of 10 packages of the 100-package lot by the wharf examiner, was sufficient upon which to base a legal appraisement, when the wharf examiner testified without equivocation and without contradiction that he did not make any report to the examiner concerning what he had done on the dock with reference to examining this 100-package lot.

The person who really examined this merchandise was Examiner W. P. Kinnealey. He is the examiner who made his report to the appraiser as to the examination of the merchandise, as evidenced by his red-ink initials, W. P. K., on the summary of entered value, examination and appraisement. As to this 100-package lot the only information the appraiser had was such as was given him by Examiner Kinnealey, and the only information Examiner Kinnealey had concerning this lot was such as was given him by the wharf examiner, R. H. Haskins, who, as heretofore set out, did not make any report to the examiner concerning what he had done on the dock with reference to examining this shipment of 100 packages.

It is therefore apparent that when the appraiser attempted to appraise this 100-package lot he had not constructively examined the merchandise, and it was conceded at the trial that the appraiser had nothing to do with the examination, that is with the actual physical examination or opening of packages of the merchandise in this lot.

Therefore on the evidence before me I find that less than 10 per centum, or less than 1 package out of every 10 packages of all the

merchandise on the invoice, was opened and examined for the purpose of appraisement.

Following the pronouncements made in *United States* v. *Steffan*, 18 C. C. P. A. 455; *United States* v. *Davis*, 20 id. 305; *United States* v. *Gilson Bros.*, id. 117; *Tower* v. *United States*, 21 id. 417; *United States* v. *Beermaker*, 23 id. 48; *United States* v. *Boston Paper Board Co.*, id. 372; *United States* v. *Tower*, 24 id. 456; *Canadian Pacific Railway* v. *United States*, T. D. 49023, and *Tower* v. *United States*, T. D. 49003, I find and hold that the mandatory provisions of section 499, Tariff Act of 1930, and the customs regulations prescribed thereunder were not complied with in the instant case in the examination of this merchandise for appraisement purposes, and the attempted appraisement in this case must be, and the same is hereby, held to be null and void *ab initio*. Judgment will be rendered accordingly.